**UNITED STATES DISTRICT COURT:**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRELOADED LTD., | Civil Action No.: _____ |
| *Plaintiff*, | ECF Case |
| v. | |
| SOHO MANAGING CO., | **COMPLAINT** |
| *Defendant.* | |

Plaintiff PRELOADED LTD. ("Plaintiff"), by and through their counsel, SUTTON SACHS MEYER PLLC, as and for their verified complaint against defendant SOHO MANAGING CO. ("Defendant"), hereby alleges the following:

## THE PARTIES

1. Plaintiff PRELOADED LTD. is a company duly organized under the laws of the United Kingdom with a principal place of business located in London, United Kingdom. By way of background, Plaintiff is a professional immersive videogame studio specializing in creating interactive, purpose-driven experiences across various platforms for clients, including, *inter alia*, virtual reality games, augmented reality games, and mixed reality games.

2. Defendant SOHO MANAGING CO. is a foreign authorized business corporation duly organized under the laws of the State of Delaware, maintaining a principal place of business and New York State Secretary of State registered agent service of process address of 104 W. 40th St., Ste. 500, New York, NY 10018, while likewise maintaining a Delaware registered agent service of process address of 16192 Coastal Hwy, Lewes, DE 19958. By way of background, Defendant is a telepsychiatry and teletherapy organization, utilizing technology to efficiently deliver high-quality psychiatric care to patients.

## JURISDICTION & VENUE

3. This Court enjoys original subject-matter jurisdiction over all claims hereunder pursuant to 28 U.S.C. §§ 1332(a)(2) and 1332(c)(1), as the citizenship of each plaintiff hereof is completely diverse from the citizenship of each defendant hereof since plaintiff is a citizen or subject of a foreign state – the United Kingdom – whereas Defendant is a domiciliary of the State of New York, and as the amount in controversy exceeds seventy-five thousand USD ($75,000.00), exclusive of interest and costs.

4. Further, this Court is the proper venue to hear this action pursuant to 28 U.S.C. §§ 1391(b)(1)-(3), as Defendant's principal place of business is located within the United States District Court for the Southern District of New York, as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the United States District Court for the Southern District of New York, and by virtue of the foregoing, as Defendant is subject to the *in personam* jurisdiction of the United States District Court for the Southern District of New York.

## CLAIM I
### (Breach of Contract)

5. Plaintiff repeats, reiterates, re-alleges, and incorporates by reference each and every allegation and exhibit contained in all preceding paragraphs heretofore as if fully set forth herein.

6. In late 2022, Defendant retained Plaintiff for professional video game preparation and delivery services to be incorporated into Defendant's product offerings by way of "Professional Services Agreement" with an effective date of September 23rd, 2022 ("Agreement"), whereunder Agreement Art. 2.2, the "Statement of Work" approved by Defendant's co-founder, non-party DR. JACQUES JOSPITRE, JR., on February 1st, 2023 ("SOW") was expressly incorporated into the Agreement; a true copy of the Agreement has been annexed hereto as **"Exhibit 1"**, whereas a true copy of the SOW has been annexed hereto as **"Exhibit 2"**.

7. Under Agreement Art. 3, which incorporates the SOW, the consideration due from

Defendant to Plaintiff under the Agreement for Plaintiff's video game preparation and delivery services totals six hundred one thousand eight hundred thirty-four Great Britain pounds sterling ("GBP") (£601,834.00) ("Consideration") exclusive of a number of add-on expenses set forth thereunder, including, *inter alia*, value-added tax ("VAT"), which is due and payable from Defendant to Plaintiff under the following phase-completion schedule: (1) after "Phase One", thirty percent (30%) of the Consideration to Plaintiff in the amount of one hundred eighty thousand five hundred fifty GBP (£180,550.00); (2) after "Phase Two", thirty percent (30%) of the Consideration to Plaintiff in the amount of one hundred eighty thousand five hundred fifty GBP (£180,550.00); (3) after "Phase Three", thirty percent (30%) of the Consideration to Plaintiff in the amount of one hundred eighty thousand five hundred fifty GBP (£180,550.00); and (4) after "Phase Four", ten percent (10%) of the Consideration to Plaintiff in the amount of sixty thousand one hundred eighty-four GBP (£60,184.00). *See* Ex. 1, p. 3, at Art. 3.1 (incorporating Ex. 2, at pp. 21-23).

8. Likewise, under Agreement Art. 3.5, all invoices issued from Plaintiff to Defendant are due and payable within thirty (30) days from issuance.

9. After Defendant's approval of the SOW, Plaintiff undertook tremendous efforts to discharge performance in-full under the Agreement by preparing and delivering the services requested under the Agreement in accordance with the incorporated SOW by, *inter alia*, spending over four thousand six hundred eighty (4,680) hours and engaging third-party consultants to transform Defendant's project from a fledgling idea into a fully functional program (hereinafter, the "Project"), which was ready for placement into the mobile application store.

10. Thereafter, on September 7th, 2023, under Agreement Arts. 2.4 and 2.5, Defendant provided written acceptance of the Project as a release candidate for submission to mobile application stores, thereby declining to express any displeasure with Plaintiff's work on the Project

deliverables, and *a fortiori*, declining to express any displeasure with Plaintiff's work on the Project deliverables within ten (10) business days, thereby certifying compliance in-full with the Agreement's SOW.

11. Meanwhile, on March 31st, 2023, Plaintiff issued Invoice No. 680 to Defendant in the amount of one hundred eighty thousand five hundred fifty GBP (£180,550.00), whereupon Defendant made partial payments thereon in the amount of one hundred thousand GBP (£100,000.00), yet to date, despite due demand, and in violation of Agreement Art. 3.5, eighty thousand five hundred fifty GBP (£80,550.00), remains due and owing from Defendant to Plaintiff on Invoice No. 680; a true copy of Invoice No. 680 has been annexed hereto as **"Exhibit 3"**.

12. Thereafter, Plaintiff issued to Defendant each of Invoice No. 689 dated June 13th, 2023 to in the amount of one hundred eighty thousand five hundred fifty GBP (£180,550.00), Invoice No. 711 dated August 21st, 2023 to Defendant in the amount of one hundred eighty thousand five hundred fifty GBP (£180,550.00), and Invoice No. 726 dated September 27th, 2023 to Defendant in the amount of one hundred eighty thousand five hundred fifty GBP (£180,550.00), yet to date, despite due demand, and in violation of Agreement Art. 3.5, the entire balance of each of Invoice Nos. 689, 711, and 726 remains due and owing from Defendant to Plaintiff; true copies of Invoice Nos. 689, 711, and 726 have been annexed hereto as **"Exhibit 4"**.

13. Thus, for the avoidance of doubt, the outstanding balance due and owing from Defendant to Plaintiff on Invoice Nos. 680, 689, 711, and 726 is four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00) ("Outstanding Balance"), exclusive of all other such costs and fees due and owing under the Agreement. *See* Ex. 3-4.

14. Thus, the Agreement is a valid and binding contract by and between Plaintiff and Defendants as there was an offer, acceptance, legally an exchange of legally sufficient consideration, mutual assent to the Agreement, and an intention to be bound thereto, whereunder

Plaintiff performed all material obligations thereunder, whereas Defendants breached the Agreement's payment obligations by failing to tender payment due and owing under Invoice Nos. 680, 689, 711, and 726 to Plaintiff in the amount of the Outstanding Balance of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter, with pre-judgment interest thereon as set forth under the Agreement.

15. Accordingly, Plaintiff has been damaged and continues to sustain damages in an amount to be determined at trial, but not less than the Outstanding Balance of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus an award of all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter as set forth under the Agreement, with pre-judgment interest thereon as set forth under the Agreement.

## CLAIM II
**(Account Stated)**

16. Plaintiff repeats, reiterates, re-alleges, and incorporates by reference each and every allegation and exhibit contained in all preceding paragraphs heretofore as if fully set forth herein.

17. By virtue of the foregoing, under the Agreement and incorporated SOW, Plaintiff issued Invoice Nos. 680, 689, 711, and 726 to Defendant, thereby creating a debtor-creditor relationship for the Outstanding Balance in the amount of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), whereafter a mutual examination of the claims of the respective parties, the striking of a balance, and an agreement, express or implied, that Defendants will pay all debts to Plaintiff, to date, Defendants have refused and continue to refuse payment of the Outstanding balance to Plaintiff, thereby inflicting damages upon Plaintiff in the amount of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00) due and owing to Plaintiff under Invoice Nos. 680, 689, 711, and 726.

18. Accordingly, Plaintiff has been damaged and continues to sustain damages in an

amount to be determined at trial, but not less than the Outstanding Balance of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus an award of all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter as set forth under the Agreement, with pre-judgment interest thereon as set forth under the Agreement.

## CLAIM III
(*Quantum Meruit*)

19. Plaintiff repeats, reiterates, re-alleges, and incorporates by reference each and every allegation and exhibit contained in all preceding paragraphs heretofore as if fully set forth herein.

20. By virtue of the foregoing, Plaintiff discharged performance of professional video game preparation and delivery services in good faith to Defendant with an expectation of compensation therefore measured by the terms of the parties' Agreement and SOW, whereupon Defendant accepted Plaintiff's performance of such professional video game preparation and delivery services, but to date, has refused to tender payment due and owing under Invoice Nos. 680, 689, 711, and 726 comprising the Outstanding balance of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), thereby inflicting damages upon Plaintiff in said amount.

21. Accordingly, Plaintiff has been damaged and continues to sustain damages in an amount to be determined at trial, but not less than the Outstanding Balance of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus an award of all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter as set forth under the Agreement, with pre-judgment interest thereon as set forth under the Agreement.

## CLAIM IV
(Unjust Enrichment)

22. Plaintiff repeats, reiterates, re-alleges, and incorporates by reference each and every allegation and exhibit contained in all preceding paragraphs heretofore as if fully set forth herein.

23. By virtue of the foregoing, Defendant has been unjustly enriched at Plaintiff's expense by failing to tender payment upon the Outstanding Balance upon Invoice Nos. 680, 689, 711, and 726 in the amount of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00) for professional video game preparation and delivery services provided to Defendant by Plaintiff, thereby inflicting damages upon Plaintiff in said amount.

24. Accordingly, Plaintiff has been damaged and continues to sustain damages in an amount to be determined at trial, but not less than the Outstanding Balance of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus an award of all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter as set forth under the Agreement, with pre-judgment interest thereon as set forth under the Agreement.

## CLAIM V
### (Promissory Estoppel)

25. Plaintiff repeats, reiterates, re-alleges, and incorporates by reference each and every allegation and exhibit contained in all preceding paragraphs heretofore as if fully set forth herein

26. By virtue of the foregoing, Defendant made a clear and unambiguous promise of payment upon Plaintiff's Invoice Nos. 680, 689, 711, and 726 in the amount of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00) for professional video game preparation and delivery services provided to Defendant by Plaintiff through the Agreement and SOW, upon which Plaintiff reasonably and detrimentally relied, as Plaintiff delivered the Project to Defendant upon such payment assurances, whereas, to date, the Outstanding Balance upon Invoice Nos. 680, 689, 711, and 726 remain due and owing to Plaintiff, wherefore there is a legal and equitable obligation for Defendant to account for Defendant's benefit of retaining Plaintiff's professional video game preparation and delivery services discharged.

27. Accordingly, Plaintiff has been damaged and continues to sustain damages in an amount to be determined at trial, but not less than the Outstanding Balance of not less than four

hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus an award of all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter as set forth under the Agreement, with pre-judgment interest thereon as set forth under the Agreement.

## CLAIM VI
**(Anticipatory Repudiation)**

28. Plaintiff repeats, reiterates, re-alleges, and incorporates by reference each and every allegation and exhibit contained in all preceding paragraphs heretofore as if fully set forth herein.

29. By virtue of the foregoing, the Agreement is a valid and binding contract by and between Plaintiff and Defendant as there was an offer, acceptance, legally an exchange of legally sufficient consideration, mutual assent to the Agreement, and an intention to be bound thereto, whereunder there is a dependency of performances; whereas Plaintiff performed all material obligations thereunder, Defendant repudiated the Agreement's payment obligations by failing to tender payment to Plaintiff upon the Outstanding balance prior to the time designated for performance before Plaintiff has received all of the consideration due and owing under the Agreement; namely, Invoice Nos. 680, 689, 711, and 726 in the amount of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00).

30. Upon Defendant's said repudiation, Plaintiff is entitled to claim damages for total breach of the Agreement, since Plaintiff has discharged substantial performance of the Agreement by delivering to Defendant the Project as a release candidate for submission to mobile application stores.

31. Accordingly, Plaintiff has been damaged and continues to sustain damages in an amount to be determined at trial, but not less than the Outstanding Balance of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus an award of all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter as set forth under the Agreement, with pre-judgment interest thereon as set forth under the Agreement.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment at law and in equity in the amount to be determined at trial of the instant matter, in the amount of no less than the Outstanding Balance due and owing upon Invoice Nos. 680, 689, 711, and 726 in the amount of not less than four hundred seventy-nine thousand one hundred eighty-eight GBP (£479,188.00), plus an award of all costs and attorneys' fees incurred by Plaintiff in prosecution of this matter as set forth under the Agreement, with pre-judgment interest thereon as set forth under the Agreement, together with such other and further relief as this Court deems just and proper.

Dated:　　　New York, New York
　　　　　　April 8th, 2025

　　　　　　　　　　　　　　　　　　　Yours etc.,
　　　　　　　　　　　　　　　　　　　**SUTTON SACHS MEYER PLLC**
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　/s/ Zachary G. Meyer, Esq.
　　　　　　　　　　　　　　　　　　　14 Penn Plaza, Suite 1315
　　　　　　　　　　　　　　　　　　　New York, NY 10122
　　　　　　　　　　　　　　　　　　　t. (212) 480-4357
　　　　　　　　　　　　　　　　　　　e. Zachary@ssm.law